321 So.2d 657

**Phillip HOOMES et al.**

v.

**INTERNATIONAL HARVESTER COMPANY, a corporation.**

**SC 1222.**

Supreme Court of Alabama.

Nov. 13, 1975.

John L. Jernigan III (Stokes & Jernigan), Brewton, for appellants.

Garrett, Thompson & Price, Brewton, for appellee.

MERRILL, Justice.

This appeal is from summary judgment in favor of defendant. We reverse and remand for further proceedings.

Plaintiff's second Count Four of their complaint charged fraud or deceit or misrepresentation on the part of defendant in that plaintiffs claimed that they purchased a truck which defendant represented as a new truck when, in fact, it was not new.

A pretrial hearing was held on February 6, 1974, and the deposition of the original plaintiff, Phillip Hoomes, was taken March 6, 1974. Defendant moved for a summary judgment on March 8 and it was granted on April 5. Plaintiff moved to amend by joining Carey Hoomes as a party plaintiff, and the amendment was allowed. On September 5, 1974, defendant moved for a dismissal of plaintiffs' breach of warranty claim. Plaintiffs dismissed the action on November 11 and plaintiffs' counsel withdrew from the case on January 27, 1975. Present counsel was given permission to refile and the second Count Four was refiled on February 13. Defendant again moved for summary judgment. The motion was heard on February 24, 1975.

The only evidence was the deposition of the plaintiff, Phillip Hoomes. He was an experienced truck driver and had been driving trucks for some nine years when he purchased the truck in question at de-

fendant's place of business in Dothan. He arrived in Dothan at 8:00 A.M. on March 16, 1974. He talked with defendant's salesman, E. S. Patton. His testimony was that Patton represented to him that the vehicle was new and that the 1900 miles on the speedometer constituted the mileage from having been driven from the manufacturer's place of business in Fort Wayne, Indiana to Dothan, and one demonstration ride into the State of Georgia and back. Hoomes inspected the truck. He found that the truck had a different number of miles on it than would have normally corresponded with the hours shown on the tachometer; and that the tachometer actually showed 236 or 237 hours, that the speedometer showed 1900 miles. He asked that they set the number of hours back on the tachometer, which they did at his request. He noticed that the truck had a dead battery, a skinned place on the fender and "stuff like that." The seller replaced U-bolts that he had requested. He also observed that the truck had a broken windshield. After all of his inspections, he then road-tested the truck himself and discovered that the oil pressure gauge on it did not work, and requested it be changed, and it was replaced. He left with the truck about 5:00 P.M. At one stage of his testimony, the following appears:

"A. Phillip, with nineteen hundred (1900) miles on it you knew that this was not a new truck when you purchased it, didn't you?

"A. Well, Yeah, in a way and in a way not because I asked them about that and they said that is the mileage from Fort Wayne, Indiana, where the truck was manufactured, to Dothan, Alabama, and one demonstrator to Georgia and back."

Hoomes drove the truck some 30,000 miles before filing the suit. His deposition also showed that the tachometer, which had been set back, was not the original tachometer that had been on the truck. The original had been replaced by defendant.

Part of the trial court's decree reads:

"* * * It is further ORDERED and ADJUDGED, that the motion for summary judgment as to the Second Count Four sounding in the theory of recovery on the basis of fraud or deceit or misrepresentation be and is hereby granted, based on the deposition of the plaintiff and the acknowledgement of the plaintiff therein that he knew that the truck was not 'a new truck' at the time it was purchased."

It must be conceded that the tendencies of the evidence support the finding of the trial court; but the evidence that plaintiff "knew that the truck was not 'a new truck' at the time it was purchased" was not wholly uncontested. It can be seen that the quoted part of Phillip Hoomes' deposition was equivocal, and his deposition did cast some doubt on the verity of the representations that he contended were made to him that the truck had only been driven from the manufacturing plant in Indiana to Dothan and on a demonstration trip into Georgia.

The deposition of Hoomes, taken in its entirety, does, raise, in our opinion, a sufficient genuine issue of fact for trial as required by ARCP 56(e), and there is no evidence by way of any counter affidavit on the part of the defendant. The plaintiffs' evidence, though slight, was sufficient to avert a summary judgment at this stage of the proceedings.

Reversed and remanded.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.